Curia, per

Wardlaw, J.
The grounds of appeal seem to have been taken in some misapprehension of the instructions which were given by the Circuit Judge.
He held that, by construction of law, a tenancy, for an indefinite time, of a farm used for agricultural purposes, was a tenancy from year to year, looking to the end of the calender year for its termination, and requiring previous notice of his intention to determine it at the end of the current year, to authorize the landlord so to determine it. It was then left to the jury to decide whether the frequent orders, or notices, given by the landlord' to the tenant, in the spring of several successive years, were' orders to quit immediately, in violation of the rights acquired by the tenant under the contract which the landlord had permitted to subsist from the beginning of the year to the spring, or were notices intended to have effect at the end of the year. In this there was no error.
The jury were also left to decide, from the evidence, whether the plaintiff had, by his acts, so disavowed the tenancy as to deprive himself of the right to notice, or whether his words con *28 cerning his rights and his being a tenant put there by his brother', were not consistent with the relation which, in fact, subsisted between him and the defendant. On this point the law and the evidence sustain the finding. Rent is not essential to the existence of a tenancy. (5 Co. 55.)
It is said for the plaintiff, and was understood by the Judge' on Circuit, that there were various counts in the declaration, all in trespass, vi et armis, some one of which covered whatever trespass on land, horse, orcows, the jury may have considered in estimating the damages they have found. There is no doubt that, for such distinct and diverse trespasses, counts may be joined. (1 Chit. PI. 193.) It is, however, said for the defendant, appellant here, that there was no separate count for trespass to goods, but that every count complained of a breach of the close, although some of them alleged, as aggravation, the taking thence of the horse and cows; and that, therefore, as it was not shown that the horse was taken from the close, damages may have been given for a trespass, which is not contained in any count. If this statement concerning the declaration was known to be correct, we will not say that good ground for a new trial would appear; but no copy of the declaration has been exhibited to this Court: it was the appellant’s duty, under the 83d rule of Court, to have brought up such copy, and we cannot permit him, without it, to raise questions, for the decision of which it is indispensable.
The motion is dismissed.
O’Neall, Evans and Withers, JJ., concurred.